IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO GIL RAMIREZ,

    Petitioner,                      No. CIV S-10-1390 GGH P

    vs.

MIKE MARTEL, Warden,

    Respondent.                   ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner is attempting to proceed in this single petition to challenge both the fourth denial of parole by the Board of Parole Hearings in 2007 and the fifth denial in 2008. See Petition, p. 2. His rationale for this approach is that, although he filed a separate petition challenging each in state superior court, the petitions were consolidated in the state court of appeal and denied, thereafter proceeding to the state supreme court in that manner where the petition was summarily denied. Id.

Notwithstanding, petitioner may not proceed in a single federal habeas petition to challenge both parole denials. See Fed. Rules Governing Section 2254 Cases, Rule 2(e);[1] see also, Magwood v. Patterson, __ S. Ct. ___, 2010 WL 2518374 *9, n. 9 (June 24, 2010); Mansanares v. Arpaio, 2009 WL 1456858 *1 n. 1 (D. Ariz. May 21, 2009). Although the state appellate and supreme courts may have consolidated and considered the parole denial decisions together does not abrogate the fact that each parole denial constitutes a separate decision that may implicate different circumstances. This petition will be dismissed with leave granted to file an amended petition challenging only the 2007 parole denial. The Clerk of the Court will be directed to open a separate case wherein this order is also filed and within which petitioner will be granted leave to file an amended petition challenging the separate 2008 parole decision denying his suitability for parole. The cases will be assigned to the same district judge and magistrate judge as assigned herein.

Accordingly, IT IS ORDERED that:

1. Petitioner's June 7, 2010, application to proceed in forma pauperis (Docket No. 2) is granted;

2. The petition is dismissed in the instant case with leave granted, within twenty-eight days, for petitioner to file an amended petition challenging only the 2007 parole denial;

3. The Clerk of the Court is directed to:

   a. Open an additional and separate 28 U.S.C. § 2254 action for petitioner;

   b. Assign the same district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of § 2254 cases to compensate for such assignment;

   c. File and docket a copy of this order in the new separate habeas action;

   d. Place copy of the petition and application to proceed in forma pauperis

---

[1] "A petitioner who seeks relief from judgments of more than one state court must file a separate petitioner covering the judgment or judgments of each court."

by a prisoner, filed on June 7, 2010, and a copy of this order in the additional separate file opened for this petitioner;

e. Send petitioner a copy of this order both in this case and in the newly opened case;

4. The petition in the newly opened case is also dismissed and petitioner is granted twenty-eight days from the filing of this order in the new habeas action to file an amended petition challenging only his 2008 parole decision denial.

5. Failure to file an amended petition in each or both cases will result in a recommendation that one or both petitions be dismissed.

DATED: July 20, 2010                               /s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
rami1390.ord

3