1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICARDO GIL RAMIREZ,

11           Petitioner,                    No. CIV S-10-1390 WBS GGH P

12       vs.

13   MIKE MARTEL, Warden,

14           Respondent.            FINDINGS & RECOMMENDATIONS

15   _____/

16           Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the 2007 decision by the California

18   Board of Parole Hearings (BPH) finding him unsuitable for parole.

19           On February 3, 2011, the undersigned ordered both parties to provide briefing

20   regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred

21   in commanding a federal review of the state's application of state law in applying the "some

22   evidence" standard in the parole eligibility habeas context.  Swarthout v. Cooke, 502 U.S. ___,

23   ___ S. Ct. ___, 131 S. Ct. 859, 861 (2011).[1]

24           The parties have timely filed briefing.  In addition, petitioner has filed a motion to

25   _____

26           [1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. ___, ___ S.
     Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

1   stay the proceedings.  Petitioner's motion to stay is predicated on the unsupported premise that a

2   motion for rehearing of the per curiam decision in Swarthout v. Cooke, 131 S. Ct. 859, is

3   imminent.  Petitioner provides no factual support for such a contention.  Therefore, the court will

4   recommend denial of the motion for a stay.

5               Moreover, for the reasons set forth in the prior order, it appears there is no federal

6   due process requirement for a "some evidence" review, notwithstanding petitioner's argument,

7   thus the federal courts are precluded from a review of the state court's application of its "some

8   evidence" standard.[2]   A review of the petition in this case demonstrates that it is entirely based

9   on alleged violation of California's "some evidence" requirement.  Petitioner has provided a copy

10  of the BPH subsequent parole consideration hearing at issue in this action which demonstrates

11  that therein petitioner was "allowed an opportunity to be heard" and "provided a statement of the

12  reasons why parole was denied."  Swarthout, at 862; see Amended Petition, Exhibit A, pp. 16-

13  133.  According to the Supreme Court, the Constitution does not require more.  Therefore, the

14  petition should be denied.

15              Accordingly, IT IS HEREBY RECOMMENDED that:

16              1. Petitioner's motion for a stay, filed on February 24, 2011 (Dkt. # 23), be

17  denied; and

18              2.  The petition be denied.

19              If petitioner files objections, he shall also address if a certificate of appealability

20  should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

21  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

22

23      [2] The court notes some perversity in the result here.  Loss of good-time credits, even for a
    day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence."
    Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative
24  segregation requires the same "some evidence" before such an assignment can be justified.
    Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after
25  sometimes decades in prison, and where another opportunity for parole can be delayed for as
    long as fifteen more years, requires no such protection from the federal due process standpoint.
26  Nevertheless, such is the state of the law.

1   constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

2   which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

3          These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

5   days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served and filed within fourteen days after service of the objections.  The parties are

9   advised that failure to file objections within the specified time may waive the right to appeal the

10  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  March 22, 2011                    /s/ Gregory G. Hollows

12                                   _____
                                     GREGORY G. HOLLOWS
                                     UNITED STATES MAGISTRATE JUDGE
13

14
      GGH:009
15    rami1390.fr

16

17

18

19

20

21

22

23

24

25

26